SWANSON ET AL. *v.* TRAER ET AL.

No. 149.   Argued March 27, 1957.—Decided June 10, 1957.

*James E. Doyle* argued the cause for petitioners.   With him on the brief were *Avern B. Scolnik, Philip F. La Follette* and *William H. Bowman.*

*James E. S. Baker* and *Marland Gale* argued the cause for respondents.   On the brief with *Mr. Baker* were *Kenneth F. Burgess, Calvin P. Sawyier, Thomas L. Marshall,*

*Charles F. Short, Jr.* and *Wesley G. Hall* for Traer et al. On the brief with *Mr. Gale* was *C. Frank Reavis* for the National City Lines, Inc., et al., respondents.

*Francis X. Busch* and *James J. Magner* filed a brief for the Chicago North Shore & Milwaukee Railway, respondent.

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

This case, a companion case to No. 316, *Smith* v. *Sperling, ante,* p. 91, presents another aspect of the problem of realignment of parties in a stockholders' derivative suit that is brought in a Federal District Court on the basis of diversity of citizenship. Plaintiff-stockholders are citizens of Nevada and stockholders in the Chicago North Shore & Milwaukee Ry. Co., an Illinois corporation. It was made a defendant along with individuals, who are citizens of Illinois, a Delaware corporation, and an Indiana corporation. The complaint charged a conspiracy to defraud the Railway Co. The alleged fraud consisted of a series of sales of transit properties to the Railway Co., properties in which it is charged some of the directors were personally interested. The complaint averred a demand on the directors to bring suit, a refusal on their part, and the futility of making any demand on the stockholders.

Answers were filed and motions made to dismiss. The District Court dismissed the bill on the ground that no showing had been made that the refusal of the management to act to redress the alleged wrong was not a decision entrusted to the good-faith judgment of the directors. In other words, the District Court concluded that the controversy did not fall within the exceptional group of cases where the stockholder may dispute the management and take the reins of corporate litigation in his own hands.

116

On appeal, the Court of Appeals did not reach that question. Though it appeared from the record that the directors were opposed to the bringing of the suit, the Court of Appeals concluded that there was no such hostility to the plaintiffs as to make it "antagonistic" within the meaning of the cases. It accordingly realigned the corporation as a party plaintiff. Since there were then Illinois citizens on each side of the litigation, the requisite diversity was not present and the orders dismissing the bill were affirmed. 230 F. 2d 228. The case is here on a writ of certiorari. 352 U. S. 865.

For the reasons stated in *Smith* v. *Sperling, supra,* we think this case is an instance where the management—for good reasons or for bad—is definitely and distinctly opposed to the institution of this litigation. The management is, therefore, antagonistic to the stockholders as that conception has been used in the cases. It follows that the corporation was properly made a defendant.

There remains for consideration the question ruled on by the District Court and which the Court of Appeals did not reach, *viz.* whether this suit is of that exceptional character which stockholders may bring.

As we stated in *Smith* v. *Sperling, ante,* p. 91, since our decision in *Erie R. Co.* v. *Tompkins,* 304 U. S. 64, the question whether in these diversity suits a stockholder may sue on behalf of his corporation is governed by local law. See *Cohen* v. *Beneficial Loan Corp.,* 337 U. S. 541, 555–556. The classical description of those situations is contained in *Hawes* v. *Oakland,* 104 U. S. 450, 460:

> "Some action or threatened action of the managing board of directors or trustees of the corporation which is beyond the authority conferred on them by their charter or other source of organization;
>
> "Or such a fraudulent transaction completed or contemplated by the acting managers, in connection

with some other party, or among themselves, or with other shareholders as will result in serious injury to the corporation, or to the interests of the other shareholders;

"Or where the board of directors, or a majority of them, are acting for their own interest, in a manner destructive of the corporation itself, or of the rights of the other shareholders;

"Or where the majority of shareholders themselves are oppressively and illegally pursuing a course in the name of the corporation, which is in violation of the rights of the other shareholders, and which can only be restrained by the aid of a court of equity."

Whether local law follows that definition or adopts another and whether this case falls within the one provided by local law is a question on which the Court of Appeals has not ruled. We therefore remand the case to it for consideration of the question.

*Reversed.*

[For opinion of MR. JUSTICE FRANKFURTER, joined by MR. JUSTICE BURTON, MR. JUSTICE HARLAN and MR. JUSTICE WHITTAKER, see *ante,* p. 98.]