Lawrence **TESSARI** and Julia Tessari, Plaintiffs,

v.

Howard C. **HERALD** et al., Defendants.

Civ. No. 1134.

United States District Court
N. D. Indiana,
Fort Wayne Division.

Aug. 16, 1962.

Calvin Klyman of Detroit, Mich., for plaintiffs.

Phil M. McNagny, Jr., Columbia City, Ind., James W. Jackson and Gilmore S. Haynie, Fort Wayne, Ind., for defendants.

ESCHBACH, District Judge.

The above-entitled cause is before the Court on defendants' Motion to Dismiss, filed July 13, 1962. Defendants' motion is now ripe for summary ruling without oral argument by reason of plaintiffs' failure to comply with Rule 6(b) of this Court which provides as follows:

"(b) Motions to dismiss, * * * shall be accompanied by a brief. An adverse party shall have 15 days after service of the movant's brief to file an answer brief. Failure to file briefs within the time prescribed shall subject such motions to summary ruling and without oral argument." Rules of the United States District Court for the Northern District of Indiana.

Plaintiffs have failed to comply with this rule in that they have filed no answer brief as required by Rule 6(b) within the prescribed 15 day period which has now elapsed.

Before ruling on defendants' motion, a brief review of the record in the cause is necessary to an understanding of the background and context out of which this motion arises. On March 9, 1959, plaintiffs filed their original complaint in this court seeking to recover damages on behalf of themselves and all other shareholders of the Noble County Credit Union similarly situated for the alleged negligent misfeasance and nonfeasance of the directors of the credit union whereby the credit union sustained extreme diminution of its funds. Jurisdiction of plaintiffs' action is based upon diversity of citizenship. By stipulation entered into by and between the then counsel for plaintiffs and counsel for defendants and filed March 25, 1959, defendants were allowed an extension of time to May 25, 1959, within which to file responsive pleadings to the original complaint and

plaintiffs expressly waived all right of objection for failure to file within the time provided by Rule 12(a) of the Federal Rules of Civil Procedure, 28 U.S. C.A. A second stipulation was entered into by and between the then counsel for plaintiffs and counsel for defendants and was incorporated into an order of the Court entered June 22, 1959, to the effect that, as the then counsel for plaintiffs desired to file an amended complaint, counsel for defendants were granted an extension of time equal to twenty days following the receipt by counsel for defendants of the amended complaint within which to file an answer to the amended complaint.

The above-entitled cause remained in this posture until April 23, 1962, two years and ten months later, when a substitution of counsel for plaintiffs occurred and plaintiffs' present counsel entered the case. On that same date, plaintiffs' present counsel filed a motion for default on the grounds that defendants had failed to answer the complaint within the prescribed time. This motion was denied by the Court in its order of June 13, 1962, as no amended complaint had been filed pursuant to the stipulation entered into by and between the prior counsel for plaintiffs and counsel for defendants and incorporated into the Court's order of June 22, 1959.

Finally, on July 3, 1962, plaintiffs filed their amended complaint. The amended complaint is substantially similar to the original complaint of March 9, 1959, in that it alleges that plaintiffs bring this action in the right of the corporation, Noble County Credit Union, as shareholders in behalf of themselves and all other shareholders similarly situated to recover damages for the alleged negligent misfeasance and nonfeasance of the directors, the original defendants in the above-entitled cause. However, one extremely important difference exists between the original and the amended complaint in that the corporation, Noble County Credit Union, has now for the first time in the amended complaint been joined as a party defendant in the above-

entitled cause, having been served with process on July 20, 1962.

The defendants move to dismiss this action on the following grounds, as stated in their motion:

"1. To dismiss the action because the complaint fails to state a claim against defendant upon which relief can be granted.

"2. To dismiss the action because the plaintiffs have failed to comply with Rule 3 of this Court, in that they have failed to file the non-resident bond for costs.

"3. To dismiss the action because the complaint fails to comply with Rule 23(b) of the Federal Rules of Civil Procedure, in that the complaint does not set forth with particularity the efforts of the plaintiffs to secure from the managing directors or trustees the action they desire or sufficient reasons for not making such effort.

"4. To dismiss the action because the complaint fails to comply with Rule 23(b) of the Federal Rules of Civil Procedure, in that the complaint does not set forth with particularity the efforts of the plaintiffs to secure from the shareholders the action they desire and the reasons for not making such effort.

"5. To dismiss the action because the Noble County Credit Union of Noble County, Indiana, is an indispensable party and the Amended Complaint reveals on its face that the said Credit Union was not made a party to the action until in July of 1962. The action is based upon the alleged negligence of individual defendants and is governed by a two year statute of limitations. Without an indispensable party being served with summons within a period of two years from the time when the original negligent acts were alleged to have taken place (September, 1958, per original complaint) this court lacks jurisdiction of the cause.

"6. To dismiss the action because the Amended Complaint reveals on its face that the Noble County Credit Union of Noble County, Indiana, and each and every other defendant in this cause is a resident of the State of Indiana and that, thus, this Court is not a proper forum to hear this cause of action."

It is clear that grounds 5 and 6 seek to raise a question regarding this Court's jurisdiction over the subject matter of this action. Paragraph III of defendants' brief is captioned as follows:

"III THIS COURT LACKS JURISDICTION OVER THE CAUSE OF ACTION."

However, this paragraph speaks with reference to ground 3 of the motion concerning the failure of plaintiffs to make a demand upon the directors or trustees of the credit union to take the action desired by plaintiffs. Defendants contend that the effect of plaintiffs' failure to make such a demand in this case results in the alignment of the credit union as a plaintiff and, when so aligned, the requisite diversity of citizenship is not present. The question of this Court's jurisdiction over the subject matter of the instant action is, therefore, before the Court whether it be regarded as raised by the rather circuitous route of defendants' motion and brief or now upon the court's motion. See Rule 12(h) of the Federal Rules of Civil Procedure. Atlas Life Ins. Co. v. W. I. Southern, Inc., 306 U.S. 563, 59 S.Ct. 657, 83 L.Ed. 987 (1939), Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001 (1939), Hackner v. Guaranty Trust Co. of New York, C.C.A.2, 117 F.2d 95, cert. den. 313 U.S. 559, 61 S.Ct. 835, 85 L.Ed. 1520 (1941).

Preliminary to reaching the question of alignment of the parties in this action to determine whether or not diversity of citizenship exists, it is necessary to ascertain whether or not defendant Noble County Credit Union is an indispensable party to this action, and this in turn

leads to an inquiry into the true nature of the present action. More specifically, consideration must be given as to whether the instant action is a derivative or nonderivative action, for, if it is derivative, then Defendant Noble County Credit Union for whose primary benefit the action is brought is an indispensable party. Koster v. (American) Lumbermens Mutual Casualty Co., 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067 (1947), Swanson v. Traer, C.A.7, 230 F.2d 228, 235, reversed on other grounds, 354 U.S. 114, 77 S. Ct. 1116, 1 L.Ed.2d 1221 (1957). 13 Fletcher Cyc. Corp. (Perm. Ed., 1961 Rev. Vol.) § 5908.

This requires an examination of the amended complaint as a whole to determine whether this action is in the nature of a shareholders' derivative action. 13 Fletcher Cyc. Corp. (Perm. Ed., 1961 Rev. Vol.) § 5912. When viewed as such, it is apparent that plaintiffs are seeking to recover damages on behalf of the corporation, Noble County Credit Union, allegedly caused by the negligent misfeasance and nonfeasance of the defendant directors. This is the true nature of the allegations contained in the various rhetorical paragraphs and the prayer for relief. Although paragraph 13 of the amended complaint purports to set forth an individual cause of action for misrepresentation by defendant directors to a class of shareholders including plaintiffs, this paragraph insofar as it attempts to set forth an individual cause of action is inconsistent with the derivative nature of the amended complaint as a whole. The complaint is framed in one count. Therefore, when the amended complaint is considered as a whole along with the fact that the type of wrong alleged has been traditionally construed as primarily affecting the corporation and only secondarily its shareholders. (See 13 Fletcher Cyc. Corp. (Perm. Ed. 1961 Rev. Vol.) § 5924). There is no doubt that the amended complaint sets forth a derivative action and, therefore, as indicated above, the corpo-ration, Noble County Credit Union, is an indispensable party to this action.

Proceeding now to the jurisdictional question of whether or not the requisite diversity of citizenship exists between the parties to this action, it is apparent that that question turns on the problem of the proper alignment of the parties to this action. In a derivative action the corporation for whose benefit the action is brought is to be aligned as a plaintiff for the purpose of determining the existence of diversity, unless the corporation's management has evidenced an antagonism toward the plaintiff's action either by a refusal to bring the action in its own behalf or by a showing of circumstances indicating that the corporation is controlled by persons who for any reason do not favor plaintiff's suit and, therefore, do not or would not allow the corporation to sue. Doctor v. Harrington, 196 U.S. 579, 25 S.Ct. 355, 49 L.Ed. 606 (1905), City of Indianapolis v. Chase National Bank, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47 (1941), Koster v. (American) Lumbermens Mutual Casualty Co., supra, Smith v. Sperling, 354 U.S. 91, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957), Swanson v. Traer, supra. Therefore, the crucial question is whether Noble County Credit Union was in antagonistic hands within the meaning of the above-cited decisions so as to justify its being aligned as a defendant in this action, otherwise it must be aligned as a plaintiff.

In this regard, we must look to the times of the filings of the original complaint and the amended complaint and immediately prior thereto, to the complaints themselves and the affidavits filed in support of defendants' motion to dismiss which were served upon plaintiffs' counsel at or near the time said motion was filed. The original complaint inasmuch as it purported to state an individual representative action rather than a derivative action based upon the same facts which are now realleged in the amended complaint is of no help in this regard, as its allegations are silent con-

cerning any disinclination on the part of the then management of the Noble County Credit Union to pursue this action. In fact, as indicated above, the Credit Union was not even made a party in the original complaint. It should be noted that the fact that an individual representative action was alleged in the original complaint can have no effect upon the essential nature of this action as a derivative action from the time it accrued to the present, regardless of any misconceived pleadings.

Turning to the amended complaint, we find that paragraph 16 alleges as follows:

"16. The plaintiffs made no effort to secure action in the premises from the managing directors because the defendant Directors herein against whom the claim is asserted formed the entire Board of Directors at the time and controlled the defendant NOBLE COUNTY CREDIT UNION, and it would, therefore, have been futile to make a demand on said Board that it bring this suit."

In direct conflict with this allegation is the affidavit of Charles H. McIntyre, the present manager of the Noble County Credit Union, in which he states that subsequent to November 13, 1958, none of the individual defendants in this action served on the Board of Directors of the Noble County Credit Union or in any other official capacity related to the Noble County Credit Union from that date to the present; i. e., July 18, 1962, the date of his affidavit. Mr. McIntyre further states that from November 13, 1958, to February 11, 1960, when an entirely new management was installed, the Noble County Credit Union was in the hands of the Indiana Department of Financial Institutions.

■ The affidavits of Mr. McIntyre and Barbra Skeels, the present Secretary of the Shareholders Protective Committee, were filed on July 19, 1962, in support of defendants' motion to dismiss with copies served on counsel for plaintiffs. They stand unanswered and unop-posed, and for the purpose of disposition of the instant motion we must consider them as true.

Therefore, it is clear that from November 13, 1958, to March 9, 1959, the date on which the original complaint in this action was filed, the individual defendants in this action had nothing to do with the management of the Noble County Credit Union; yet the original complaint makes no mention of any demand upon the then management and alleges no circumstances indicating any antagonism or reluctance on the part of the then management. In fact, the corporation was not even made a party in the original complaint; although, it was an indispensable party inasmuch as the essential nature of this action has always been that of a derivative suit. Moreover, it is clear that if the corporation, Noble County Credit Union, had been joined as a party in the original complaint, it would have had to be aligned as a plaintiff in the absence of any showing by the plaintiffs that it was in antagonistic hands and diversity would thereby have been destroyed. Smith v. Sperling, supra, Swanson v. Traer, supra.

The allegations contained in paragraph 16 of the amended complaint which now, two years and ten months later, attempts to join the Noble County Credit Union as a defendant can not alter the fact that from three and one-half months prior to the filing of the original complaint to the present, none of the individual defendants in this action have been associated with the management of the Noble County Credit Union. Therefore, it cannot be said as alleged in paragraph 16 of the amended complaint that a demand upon the directors of the Noble County Credit Union would have been futile. On the contrary, it clearly appears from Mr. McIntyre's affidavit that the individual defendants did not comprise the Board of Directors at the time the original complaint was filed and for three and one-half months prior to that time to the present, nor were they in any way associated with the manage-

:ment of the Noble County Credit Union during that period.

■■ Inasmuch as plaintiffs made no demand on the management of the corporation to bring this action and there was no showing that the corporation, Noble County Credit Union, was, at any time material to this action, in the control of the individual defendants in this action or controlled by any other persons antagonistic to plaintiffs' suit, it must be aligned as a plaintiff in this action. When so aligned, it is clear that the requisite complete diversity of citizenship between all plaintiffs and all defendants does not exist, as the Noble County Credit Union, a corporation incorporated under the laws of the State of Indiana and having its principal place of business in Indiana appears as a plaintiff and the individual defendants are all citizens of the State of Indiana. Moreover, there can be no doubt that complete diversity of citizenship must exist between all plaintiffs and all defendants before this Court can acquire jurisdiction based upon diversity of citizenship. City of Indianapolis v. Chase National Bank, supra, Treinies v. Sunshine Mining Co., 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85 (1939), Metropolis Theatre Co. v. Barkhausen, C.A.7, 170 F.2d 481, 484 (1948).

■ Furthermore, inasmuch as Noble County Credit Union is an indispensable party to this action, this Court has no alternative but to dismiss this action. Indispensable parties cannot be dispensed with in diversity cases even though their presence will defeat federal jurisdiction. Mallin v. Schaper et al., C.A.7, 185 F.2d 1, 2 (1950), Metropolis Theatre Co. v. Barkhausen, supra.

Other grounds were raised in defendants' motion to dismiss which may be meritorious; however, it is unnecessary to consider these other grounds, having determined that this action must be dismissed for lack of jurisdiction by reason of the foregoing.

The above-entitled action, therefore, is now dismissed.