IRVING LEVINE

*vs.*

DAVID M. MILTON ET AL.

*New Castle, April 4, 1966.*

*Aubrey B. Lank,* of Theisen & Lank, Wilmington, for plaintiff, Nemerov & Shapiro, New York City, of counsel.

*E. Dickinson, Griffenberg,* of Killoran & VanBrunt, Wilmington, for certain defendants, Arnold & Porter, Washington, D. C., of counsel.

*Bruce M. Stargatt,* of Young, Conaway, Stargatt & Taylor, Wilmington, for defendant The Equity Corp.

SHORT, Vice Chancellor: This is a double derivative suit brought by plaintiff on behalf of Oceanic Trading Company, Inc. (Oceanic), a Panamanian corporation, the sole stockholder of Darien Continental Corporation (Darien), also a Panamanian corporation. The com-

plaint alleges three causes of action. First, that certain defendants wrongfully caused Darien to transfer shares which it held in The Equity Corporation, a Delaware corporation, and options with respect to such shares. The complaint prays that these transfers be declared null and void. Second, after realleging the facts set forth in the first cause of action, that the principal defendant has personally profited from the transactions complained of. An accounting is sought as to this cause of action. The third cause of action purports to be a representative class action. However, since it merely realleges the facts stated in the first two causes of action, it must also be taken as asserting a derivative claim. The fact that the relief sought is for distribution of any recovery directly to the stockholders does not have the effect of converting it into a representative cause of action.

Defendants have moved to dismiss (1) for failure to obtain jurisdiction over indispensable parties, namely Darien and Oceanic, neither of which has been served or has appeared in this action; (2) for failure to allege that derivative actions are recognized under Panamanian law; and, (3) that this court, in a derivative action, has no jurisdiction over Panamanian corporations which have not appeared and are not subject to service of process under the laws of this state.

I am satisfied that defendants Oceanic and Darien, for whose benefit this action is brought, are indispensable parties. 13 Fletcher, Corporations, § 5997; Koster v. (American) Lumbermens Mutual Casualty Co., 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067; Overfield v. Pennroad Corporation, 3 Cir., 146 F.2d 889; Greenberg v. Giannini, 2 Cir., 140 F.2d 550, 152 A.L.R. 966; Busch v. Mary A. Riddle Co., 283 F. 443 (D.C.Del.); Tessari v. Herald, — D.C. —, 207 F.Supp. 432; Levey v. Babb, 39 Misc.2d 648, 241 N.Y.S.2d 642. That this is the general rule does not seem to be disputed by plaintiff. He contends however that the rule should not be applied in the circumstances presented, particularly where, as here, there is a prayer such as that contained in the third cause of action, that is, for distribution of any recovery directly to stockholders.

Assuming that the case of *Robinowitz v. Kaiser-Frazer Corp., Sup.,* 111 *N.Y.S.2d* 539, cited by plaintiff, is precedent in support of his contention, it is not in accord with Delaware law. See *Keenan v. Eshleman,* 23 *Del.Ch.* 234, 2 *A.2d* 904, 120 *A.L.R.* 227. I therefore hold that Oceanic and Darien are indispensable parties in this action.

But plaintiff suggests that the interests of Oceanic and Darien in the Equity shares "can and will be sequestrated in the future so that this Court will thereby acquire jurisdiction." This contention is based upon the false assumption that 10 *Del.C.* § 366, the sequestration law, was designed to provide a means of compelling the appearance not only of "real" defendants named in a derivative action, but also of the corporation for whose benefit the suit is brought. I am satisfied that the statute was not intended to be utilized for the latter purpose. Nor am I impressed with plaintiff's argument that to now hold Oceanic and Darien indispensable parties would be premature. The circumstances here presented differentiate this case from *Striker v. Chesler,* 39 *Del.Ch.* 193, 161 *A.2d* 576.

Plaintiff suggests, also, that since the third cause of action is cast in the form of a representative class action neither Oceanic nor Darien is an indispensable party. As already indicated the third claim, in my opinion, sets forth a derivative and not a representative cause of action.

Plaintiff finally argues that defendants' motion should be denied because he may be able, through discovery, to establish that the Panamanian corporations have at some time done business within the United States, and particularly in Delaware, thereby subjecting themselves to the jurisdiction of this court. Plaintiff says that the wrongs of which he complains "obviously took place either in New York or in Delaware." This is pure speculation and any discovery allowed to plaintiff would permit him to embark on a fishing expedition.

Since Oceanic and Darien are indispensable parties in this action, and since they have not appeared and there is no means by

which plaintiff can compel their appearance, defendants' motion must be granted on this ground alone.

Defendants' contention that Panamanian law does not permit derivative actions is based upon defendants' assertion that plaintiff has so "conceded." Plaintiff now denies any such concession but he has attached to his brief, as an exhibit thereto, copy of a letter directed to plaintiff's counsel by an attorney in Panama which states in effect that while the Corporation Law of that country makes no mention of derivative actions and no such action has there been instituted, "we have come to the conclusion that such an action will not succeed." If derivative actions on behalf of Panamanian corporations are not permitted under the law of Panama, then I am satisfied that plaintiff's suit would have to be dismissed on that ground. See *Hausman v. Buckley*, 2 Cir., 299 F.2d 696, 93 A.L.R.2d 1340, cert. denied, 369 U.S. 885, 82 S.Ct. 1157, 8 L.Ed.2d 286. In the cited case the court held that the right of a stockholder to bring a derivative action is a question of substantive law to be determined by the law of the state or country of incorporation. In opposing defendants' contention plaintiff argues that this court should apply the "center of gravity" rule. *Our Supreme Court* in *Friday v. Smoot,* 211 A.2d 594, recently rejected this rule in a tort case. Its stated reasons would seem to equally apply to a case such as the present. Plaintiff also argues that the application of Panamanian law here would violate the public policy of this state. This contention was rejected in *Hausman v. Buckley, supra.* It should also be rejected here for the reasons there stated.

An order, on notice, may be submitted granting defendants' motion to dismiss.