**Richard Greer RAESE et al., Plaintiffs,**

v.

**H. Brent KELLY et al., Defendants.**

**Civ. A. No. 71–110–E.**

United States District Court,
N. D. West Virginia.

June 11, 1973.

---

Herbert G. Underwood, Willis O. Shay, Steptoe & Johnson, Clarksburg, W. Va., for plaintiffs.

James T. Dailey, Jr., Kingwood, W. Va., Mike Magro, Jr., Morgantown, W. Va., for defendants.

MAXWELL, Chief Judge.

Plaintiffs are three West Virginia citizens who are the only minority stockholders of Preston County Supply Company (hereafter "Supply Company"), a corporate citizen of West Virginia.[1] The action is brought derivatively on behalf

---

1. Supply Company was incorporated in West Virginia and has its principal place of business here. *See* 28 U.S.C. § 1332 (c).

of Supply Company against its alleged majority stockholder, Jane Greer Kelly, her husband, H. Brent Kelly, and four other corporations controlled by the Kellys. Supply Company is named as a defendant. Mr. Kelly is president of Supply Company and Mrs. Kelly is a member of the board of directors.

The burden of the complaint is that in 1963 the Kellys, without adequately informing the minority stockholders, implemented a corporate reorganization involving Supply Company, and thereafter embarked upon a scheme to strip Supply Company (or its successor, Preston Public Service Corporation [hereafter "Public Service"]), of its assets.[2] More specifically, plaintiffs allege that the Kellys caused Supply Company or its successor to sell its shares in a Canadian Company, with the proceeds of the sale going to the Kellys; that the Kellys made Public Service and Supply Company loan them money, without interest or security; that during the years 1964 through 1968, the Kellys caused Public Service, whose only assets were those of Supply Company and its Power Company subsidiary, to pay large sums of money to other Kelly-owned companies, purportedly for legal, accounting and managerial services, but that no substantial services were rendered; and that after 1968, Mrs. Kelly installed herself as treasurer of Power Company at a high salary, and then rendered no substantial service to the company.[3]

The defendants move, pursuant to Rule 21, F.R.Civ.P., and 28 U.S.C. § 1406, to drop defendants Supply Company, Public Service, Preston Corporation and Elko Corporation, and to transfer the action to the Southern District of Florida.[4] Defense counsel correctly note that Supply Company's presence as a defendant destroys diversity jurisdiction. As a result, dismissal, and not the dropping of parties and transfer, is in order.

### I

Since the complaint fails to state a federal question, jurisdiction, if any, must depend on diversity of citizenship. 28 U.S.C. §§ 1331 and 1332. In determining whether diversity jurisdiction exists, the alignment of the parties as plaintiffs and defendants in the caption is not conclusive, inasmuch as the court

---

2. According to the complaint, the reorganization plan was consummated after its approval in October, 1963: the business and assets of Supply Company and its subsidiary, Preston County Light and Power Company (hereafter "Power Company") were transferred to Public Service, a wholly owned subsidiary of Preston Corporation; Preston Corporation was owned and controlled by the Kellys. Apparently the stockholders of Supply Company, in return for their outstanding shares, were to receive shares in Preston Corporation. *See* Preston Corp. v. Raese, 236 F.Supp. 135, 137 (N.D.W.Va.1964).

   The complaint indicates that subsequent to 1968, the West Virginia Public Service Commission set aside the corporate reorganization, thereby reviving Supply Company's separate corporate existence.

3. In 1963 the same plaintiffs filed a complaint in the Circuit Court of Preston County, West Virginia, against the Kellys and most of the defendants named in this action. That case, which is still pending, involves some claims which are similar to those asserted here. One month after the commencement of the Preston County suit, the Kelly-controlled Preston Corporation instituted an action in the nature of interpleader in the United States District Court for the Southern District of Florida, purporting to label Mrs. Kelly herself and Richard A. Raese as the chief defendants. The action was transferred to this District and thereafter dismissed. *See* Preston Corp. v. Raese, 236 F.Supp. 135 (N.D.W.Va.1964), aff'd, 377 F.2d 263 (4th Cir. 1967), cert. denied, 389 U.S. 931, 88 S.Ct. 294, 19 L.Ed.2d 283 (1967); *see also* Preston Corp. v. Raese, 335 F.2d 827 (4th Cir. 1964).

4. Elko Corporation, not previously mentioned by name in this memorandum, is one of the Kelly-owned companies which allegedly received moneys from Public Service without rendering any substantial services.

must "arrange the parties according to their sides in the dispute." Dawson v. Columbia Trust Co., 197 U.S. 178, 180, 25 S.Ct. 420, 421, 49 L.Ed. 713 (1908).

■■ A corporation on whose behalf a derivative action is maintained is an indispensable party. Matthies v. Seymour Mfg. Co., 270 F.2d 365, 377 n. 2 (2d Cir. 1959), cert. denied, 361 U.S. 962, 80 S.Ct. 591, 4 L.Ed.2d 554 (1960). And, for diversity purposes, if the corporation's management is antagonistic to the suing stockholders, the corporation must be aligned as a party defendant.[5] Smith v. Sperling, 354 U.S. 91, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957); Swanson v. Traer, 354 U.S. 114, 77 S.Ct. 1116, 1 L.Ed.2d 1221 (1957); 3B J. Moore, Federal Practice ¶ 23.1.21[1], at 305–06 (2d ed. 1969).

The standard for measuring antagonism is set forth in Smith v. Sperling, *supra* 354 U.S. at 95 and 97, 77 S.Ct. at 1115:

"There is antagonism wherever the management is aligned against the stockholder and defends a course of conduct which he attacks.

\*   \*   \*   \*   \*   \*

"Whenever the management refuses to take action to undo a business transaction or whenever, as in this case, it so solidly approves it that any demand to rescind would be futile, antagonism is evident. The cause of action, to be sure, is that of the corporation. But the corporation has become through its managers hostile and antagonistic to the enforcement of the claim."

The antagonism issue must be determined "on the face of the pleadings and by the nature of the controversy." Smith v. Sperling, *supra* 354 U.S. at 96, 77 S.Ct. at 1115.

■■ A review of the pleadings here, including plaintiffs' theories, leaves no doubt that Supply Company, through the individuals who manage and control it, is antagonistic, as defined by Smith v. Sperling, to the enforcement of the claims asserted. In sum, the Kellys are accused of diverting Supply Company's assets to themselves or to other companies controlled by them. The plaintiffs allege that "demand upon the defendant Supply Company to initiate this action for its benefit would be futile and unavailing" (Complaint, par. 6). Moreover, the same counsel pull the laboring oar in the defense of this lawsuit for both Supply Company and the Kellys. It appears therefore that Supply Company was rightfully and necessarily made a defendant, and it cannot, for jurisdictional purposes, be regarded otherwise than as a defendant. The conclusion then is inescapable that this Court is without jurisdiction because the plaintiffs and defendant Supply Comany are all West Virginia citizens.

II

■■ The defendants seek a transfer to Florida, but since there is no subject matter jurisdiction by reason of lack of diversity, the Court has no alternative but to dismiss. Rule 12(h)(3), F.R.Civ. P., expressly provides:

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

There can be no transfer to Florida because lack of subject matter jurisdiction is a defect which precludes the Court from acting at all.[6] Atlantic Ship Rigging Co. v. McLellan, 288 F.2d 589 (3rd Cir. 1961); *cf.* Griffin v. Matthews, 310

---

5. This is true "even when the corporation may benefit if the plaintiff prevails." Unanue v. Caribbean Canneries, Inc., 323 F.Supp. 63, 66 (D.Del.1971).

6. In any event, transfer is a matter which is discretionary with the Court. 28 U.S.C. § 1406; Untersinger v. United States, 181 F.2d 953 (2d Cir. 1950); 1 J. Moore, Federal Practice ¶ 0.146[5], at 1907–1908 (2d ed. 1972).

F.Supp. 272 (M.D.N.C.1969), aff'd, 423 F.2d 272 (4th Cir. 1970).

For the reasons stated, it is ordered that the complaint be, and the same hereby is, dismissed, without prejudice to the right of the plaintiffs to again institute the action in a court of competent jurisdiction.

