**Harry LEWIS, Plaintiff-Appellant,**

v.

**Robert S. ODELL et al., Defendants,**

and

**Howard Butcher III et al., Defendants-Appellees.**

**No. 1048, Docket 73–2531.**

United States Court of Appeals, Second Circuit.

Argued June 12, 1974.

Decided Sept. 24, 1974.

---

**446**

————◆————

Bennett Frankel, New York City, for plaintiff-appellant.

Edward W. Keane, New York City (Lawrence W. Nelson and Sullivan & Cromwell, New York City, on the brief), for defendants-appellees.

Before LUMBARD, HAYS and TIMBERS, Circuit Judges.

HAYS, Circuit Judge:

Appellant commenced this action alleging that appellee Butcher, while a director of Penn Central Company, used material inside information for the benefit of himself, the brokerage firm of Butcher & Sherrerd, of which he is a partner, and its customers, and International Utilities Corporation, of which he was also a director. Appellant seeks recovery on behalf of Penn Central and its railroad subsidiary, Penn Central Transportation Company.[1]

Appellant originally brought the action under section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (1970), and the Securities and Exchange Commission's Rule 10b–5, 17 C.F.R. § 240.10b–5 (1973). He later sought to amend his complaint to allege diversity of citizenship as an additional basis for jurisdiction. The district court held that appellant had not stated a claim under section 10(b) or Rule 10b–5. The district court held that, as of the time when appellant sought leave to amend, the Penn Central Transportation Company would have to be realigned as a plaintiff and that since its citizenship was not diverse from appellees Butcher and Butcher & Sherrerd the necessary complete diversity was lacking.

Appellant appeals only from the court's ruling regarding diversity jurisdiction. We affirm.

■ At the commencement of this action there was no diversity. The partnership, Butcher & Sherrerd, had one general partner who was a citizen of New York, as was plaintiff, and for purposes of diversity a partnership is a citizen of each state of which a general partner is a citizen. Great Southern Fire Proof Hotel Co. v. Jones, 177 U.S. 449, 456, 20 S.Ct. 690, 44 L.Ed. 842 (1900); Woodward v. D. H. Overmyer Co., 428 F.2d 880, 883 (2d Cir. 1970), cert. denied, 400 U.S. 993, 91 S.Ct. 460, 27 L.Ed.2d 441 (1971).

■ Because of this, appellant declared his intention to drop the partnership as a defendant. However, when he made the declaration, the Penn Central Transportation Company had fallen into bankruptcy and was being managed by trustees appointed by a federal district court under § 77 of the Bankruptcy Act, 11 U.S.C. § 205. Since appellant was seeking to change the nature of the action, the district court's jurisdiction had to be determined at this later time rather than at the commencement of the action, as is usually the case. C. Wright, Law of Federal Courts § 28 (2d ed.

---

1. After the filing of the complaint in this case, the Penn Central Company in 1969 went through a reorganization from which a new Penn Central Company, a holding company, and the Penn Central Transportation Company, an operating subsidiary, emerged. As mentioned below, the Penn Central Transportation Company filed a petition for reorganization in bankruptcy in the Eastern District of Pennsylvania on June 21, 1970. For a more detailed account of these events, see In re Penn Central Securities Litigation, 335 F.Supp. 1026, 1030–1031 (E.D.Pa.1971).

1970). A realignment of the parties that would make the Transportation Company, a Pennsylvania corporation whose principal offices are in Pennsylvania, a plaintiff would destroy diversity jurisdiction since appellee Butcher is a Pennsylvania citizen. See Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).

As a general rule the federal courts are required to realign parties according to their real interests so as to produce an actual collision of interests. Indianapolis v. Chase National Bank, 314 U.S. 63, 69, 62 S.Ct. 15, 86 L.Ed. 47 (1941). The Supreme Court clarified the application of this rule to shareholder's derivative suits in the companion cases of Smith v. Sperling, 354 U.S. 91, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957), and Swanson v. Traer, 354 U.S. 114, 77 S.Ct. 1116, 1 L.Ed.2d 1221 (1957). In *Smith* the Court held that the corporation should not be realigned as a plaintiff when it is hostile to the action.

"Whenever the management refuses to take action to undo a business transaction or whenever, as in this case, it so solidly approves it that any demand to rescind would be futile, antagonism is evident. . . . This is a practical not a mechanical determination and is resolved by the pleadings and the nature of the dispute." 354 U.S. at 97, 77 S.Ct. at 1116.

Applying this standard to the instant case, we find that the Penn Central Transportation Company is not antagonistic to appellant's suit. The nature of the dispute is such that none of the trustees will be harmed by a judgment for plaintiff or has any reason to oppose the suit. The pleadings do not disclose any antagonism. The Transportation Company has not only retained neutrality in its responses to appellant's complaints but has even reserved the right to take control of the action. Indeed, the Transportation Company has not even "refuse[d] to take action," for appellant has never made any demand on it. We could reverse the district court only by making the "mechanical determination" that as a matter of law a corporation is antagonistic to a shareholder's derivative suit whenever it does not actively join the action as a plaintiff. *Smith* and *Swanson* forbid such a holding.

Affirmed.