VISUAL SCIENCES, INC., **individually and on behalf of itself and all other stockholders of Panafax Corporation, Plaintiff,**

v.

**MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., Matsushita Graphic Communication Systems, Inc., Panafax Corporation, Chikayuki Kino, Toshiaki Date, Yohjiro Aoyama and Takeo Shimamura, Defendants.**

No. CV 81 4060.

United States District Court,
E. D. New York.

Dec. 23, 1981.

Satterlee & Stephens, New York City, for plaintiff; Henry J. Formon, Jr., Christopher Goff, Thomas G. Carruthers, Saxe, Bacon & Bolan, New York City, of counsel.

Weil, Gotshal & Manges, New York City, for defendants; Peter Gruenberger, Paul K. Milmed, Donald I. N. McKenzie, New York City, of counsel.

### Memorandum of Decision

MISHLER, District Judge.

The instant action was commenced on December 15, 1981 in the Supreme Court of the State of New York, County of Suffolk. Plaintiff, Visual Sciences, Inc. ("VSI"), instituted this action on behalf of itself and all other stockholders of Panafax Corporation ("Panafax") seeking both monetary damages as well as equitable relief. A petition for removal was filed in this court on December 16, 1981 pursuant to 28 U.S.C. § 1441. Defendants contend, *inter alia*, that original jurisdiction over this action exists by virtue of the diversity statute, 28 U.S.C. § 1332(a).

The allegations of the citizenship of the parties to this action were stipulated to at argument on the motion now before us, plaintiff's motion for remand pursuant to 28 U.S.C. § 1447(c). VSI is a corporation organized and existing under the laws of the State of New York. Panafax is also a New York citizen for diversity purposes since its principal place of business is located in the State of New York. Matsushita Electric Industrial Co., Ltd. ("MEI") and Matsushita Graphic Communication Systems, Inc. ("MGCS") are both corporations organized and existing under the laws of Japan having their principal places of business in Japan. The individual defendants are all citizens of Japan.

VSI asserts on its own behalf and on behalf of Panafax various theories of relief in their favor and against the defendants—excluding Panafax—for wrongful conduct in connection with their attempt to destroy the manner in which the parties to this litigation have marketed and distributed certain electronic facsimile equipment ("fax equipment"). The relationship is one allegedly established by contract and presently enforceable by contract or under a theory of promissory estoppel.

A brief description of the distribution mechanism for the development, manufacture and sale of fax equipment is necessary in order to understand the nature of how plaintiff alleges to have been wronged.[1] Our description is based, of course, on the allegations found in the complaint. MEI is a large multi-national corporation and is a manufacturer of consumer electrical appliances and components. MEI is a majority shareholder of MGCS which designs, manufactures and sells fax equipment.[2] Pursuant to an agreement with MGCS, VSI purchases fax equipment from MGCS for sale to distributors in its exclusive sales territory which is "the entire world, exclusive of Japan, Hong Kong, Korea . . . Formosa and China . . . ." Pursuant to a contract with VSI, Panafax, since 1977, has been and is the sole distributor of VSI fax equipment. VSI, MGCS, and MEI constitute all the shareholders of Panafax. VSI presently holds 24.5% of Panafax's shares with the balance owned and controlled by MEI and MGCS. Panafax's predecessor was the joint enterprise of VSI and MGCS; presently, Panafax is the joint enterprise of VSI, MEI and MGCS for the domestic distribution of VSI's products.

At various times between 1969 and the present, VSI entered into agreements or

---

1. Our discussion of the facts as well as our interpretation of how § 1441 should be construed is necessarily abbreviated because of the time pressures herein presented.

2. This technology "permits the exact reproduction of documents at remote points by transmission over telephone lines . . . ." Complaint at ¶ 5.

understandings with MGCS (or its predecessor Toho Denki) and/or MEI. VSI alleges that the relationship between the parties as defined by the various contracts provides VSI with "the first refusal right to sell in [its] territory . . . all desk-top facsimile transceivers which MGCS may successfully develop or manufacture." The instant action arises out of defendants' alleged scheme to destroy the contractually established distribution mechanism presently established for marketing desk-top facsimile transceivers developed or manufactured by MGCS. Specifically, VSI alleges that it has been denied its first refusal rights in connection with newly developed fax equipment known as the "MV 3000." In furtherance of its plan, defendants have informed a major purchaser of fax equipment, Federal Express Company, that the MV 3000 will be available only through negotiations with MGCS for the direct supply by MGCS. Though Panafax has been informed it would be distributing MV 3000 units which are ready for shipment in 1982, defendants are nevertheless presently negotiating for the direct supply of the MV 3000 to Federal Express. Accepting as we must the truth of the allegations contained in the complaint, VSI and Panafax are threatened with grave injury by defendants' efforts to wrongfully appropriate for themselves, to the complete exclusion of VSI and to the partial exclusion of Panafax, the business opportunities presented by the introduction of MGCS's MV 3000.

In opposition to plaintiff's motion for remand, defendants assert that there is complete diversity since Panafax should be realigned as a party plaintiff in accordance with the reality of the situation (i.e., that its citizenship be disregarded since it is a nominal defendant), or in the alternative, that the entire case is removable under 28 U.S.C. § 1441(c).[3]

### A. Complete Diversity

■ For purposes of 28 U.S.C. § 1332, Panafax is deemed to be a citizen of New York as is VSI. Realignment of Panafax as a party plaintiff seems, on first glance, sensible since no relief is sought from Panafax—rather, relief is sought on its behalf. See Broidy v. State Mutual Life Assurance Company, 186 F.2d 490, 492 (2d Cir. 1951). Nevertheless, even though Panafax is a nominal defendant it may not be realigned as a plaintiff.

■ Even though the corporate defendant in a stockholders' derivative suit is the direct beneficiary of a successful suit, the corporation may be deemed hostile to the champion of its cause if "the corporation has become through its managers hostile and antagonistic to the enforcement of the claim." Smith v. Sperling, 354 U.S. 91, 97, 77 S.Ct. 1112, 1116, 1 L.Ed.2d 1205 (1957). It is clear that management of Panafax is hostile to the enforcement of the claims herein asserted, and therefore, as a matter of law, we must find that we are without diversity jurisdiction. Smith v. Sperling, supra, and Swanson v. Traer, 354 U.S. 114, 77 S.Ct. 1116, 1 L.Ed.2d 1221 (1957).

### B. Separate and Independent Claim or Cause of Action—28 U.S.C. § 1441(c)

■ VSI's complaint asserts fourteen claims directly against the six Japanese defendants. (Causes of Action 1–14). The four remaining claims are asserted derivatively on behalf of Panafax against the same defendants. (Causes of Action 15–18). Defendant argues that since the two sets of claims, both brought by VSI, seek to enforce rights belonging to different parties, these claims are necessarily separate and independent within the meaning of 28 U.S.C. § 1441(c). The claims brought by VSI against the Japanese defendants, if sued upon alone, would have unquestiona-

---

**3.** 28 U.S.C. § 1441(c) provides:

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all the issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

bly vested this court with diversity jurisdiction. If this were a case of first impression we would be inclined to agree that VSI's claims are separate and independent of Panafax's. However, the interpretation placed on § 1441(c) by the Supreme Court in its seminal decision, *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), compels our finding that the action is not comprised of separate and independent claims.

The legion of cases analyzing § 1441(c) begin, of course, with an analysis of the *Finn* decision where the Court stated:

> "Of course, 'separate cause of action' restricts removal more than 'separable controversy.' In a suit covering multiple parties or issues based on a single claim, there may be only one cause of action and yet be separable controversies. The addition of the word 'independent' gives emphasis to congressional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal."

*Id.* at 12, 71 S.Ct. at 539 (footnote omitted). The application of the foregoing rule turns upon the proper identification of the true "cause of action." By way of quotation from a previous case, the Court described the common law definition of "cause of action":

> " 'Upon principle, it is perfectly plain that the respondent suffered but one actionable wrong and was entitled to but one recovery, whether his injury was due to one or the other of several distinct acts of alleged negligence or to a combination of some or all of them. In either view, there would be but a single wrongful invasion of a single primary right of the plaintiff, namely, the right of bodily safety, whether the acts constituting such invasion were one or many, simple or complex.' "
>
> " 'A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show.' "

*Id.* at 13, 71 S.Ct. at 539–40. As a result, the Court found the presence of multiple defendants immaterial to the § 1441(c) analysis and concluded that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *Id.* at 14, 71 S.Ct. at 540.

The Court in *Finn* made it clear that the number of party defendants is not determinative of the issue of removability under § 1441(c). The court must determine whether one or more actionable wrongs are asserted. A number of commentators and cases take the position that the *Finn* analysis precludes removal under § 1441(c) in the instances in which a number of plaintiffs join in one action and sue on variously sustained injuries arising from a common wrong. *See e.g., New England Concrete Pipe Corp. v. D/C Systems of New England, Inc.*, 658 F.2d 867, 874 n.12 (1st Cir. 1981); *Schwartz v. Merrill Lynch, Pierce, Fenner & Smith*, 424 F.Supp. 672, 674 (N.D. Calif.1976); *Lavan Petroleum Co. v. Underwriters at Lloyds*, 334 F.Supp. 1069, 1072–73 (S.D.N.Y.1971); Wright, Miller & Cooper, *Federal Practice and Procedure* § 3724 (1981). While we have not had the opportunity to consider the merits of the foregoing proposition as a general rule, we believe it has application here given the peculiar facts of this case.

The common wrong allegedly committed by defendants against VSI and Panafax is the scheme, and the steps taken in furtherance thereof, to destroy the contractually constructed distribution chain for fax equipment developed and manufactured by MGCS, and in so doing, misappropriating business opportunities properly belonging to plaintiff and to Panafax. The wrong for which relief is sought arises from an interlocked series of transactions. The variously stated causes of action merely represent alternative theories of relief directed at the same wrong.

Defendant contends that because we have in reality two plaintiffs, and each is proceeding to enforce its own rights, there are separate and independent claims for removal purposes. *See* 1A Moore's Federal

Practice ¶ 0.163 [4.–5] at p. 268 (1981). Here, however, VSI is proceeding in an effort to protect its own rights directly and indirectly (on behalf of Panafax). This is not the simple case of two plaintiffs seeking to vindicate separate rights related only by virtue of having arisen from the same transaction or series of transactions. Rather, one plaintiff, VSI, has a real and substantial interest in the rights belonging to the other plaintiff. Complete relief to VSI can be achieved only by asserting the rights of Panafax. The claims are inextricably related. Accordingly, we find that the instant claims brought by VSI on its own behalf and on behalf of Panafax are not *"independent"* of one another under the test articulated in *Finn.* The close relationship between the VSI claim and the derivative claim present an insufficiently "complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal." 341 U.S. at 12, 71 S.Ct. at 539.

Plaintiff's motion for remand is hereby granted and it is

SO ORDERED.