**Amin J. KHOURY, et al., Plaintiffs,**

v.

**H. L. OPPENHEIMER, et al., Defendants.**

Civ. A. No. 82–210.

United States District Court, D. Delaware.

June 11, 1982.

William Prickett, and Michael Hanrahan, Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, Del., for plaintiffs; Herbert M. Linsenberg, and Aaron Jay Beyer, Meltzer & Schiffrin, Philadelphia, Pa., of counsel.

Andrew B. Kirkpatrick, Jr., Richard L. Sutton, and Lawrence A. Hamermesh, Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for defendants; Frank P. Sebree, and Peter E. Strand, Shook, Hardy & Bacon, Kansas City, Mo., of counsel.

OPINION

MURRAY M. SCHWARTZ, District Judge.

Plaintiffs filed a derivative lawsuit in the Delaware Court of Chancery on March 15, 1982. The complaint named Amin J. Khoury, James Marten, Domenic F. Coletta and Suhail T. Shaya as plaintiffs (herein-

after collectively referred to as "plaintiffs") and General H. L. Oppenheimer ("petitioner"), Bert Davis, Jr., Ronald Jarvis, Jr., Santiage Mendiono, Lilyan Hughes, Alexander Tucker, Carl Rice, Israel Katz, Jean Saliot, Oppenheimer Industries, Inc. and The Armendaris Corporation as defendants. Plaintiffs, shareholders of The Armendaris Corporation ("TAC"), brought suit for the benefit of TAC. On April 23, 1982 petitioner filed a petition removing that action to this Court pursuant to 28 U.S.C. § 1441(b) and (c) alleging that this Court would have had original jurisdiction over the lawsuit pursuant to 28 U.S.C. § 1332. On April 26, 1982 several of the defendants filed a motion, pursuant to 28 U.S.C. § 1404(a), to transfer this action to the United States District Court for the Western District of Missouri. On April 27, 1982 plaintiffs filed a motion, pursuant to 28 U.S.C. § 1447(c), to remand this action to state court. Presently before the Court is plaintiffs' motion to remand.

The three count complaint filed in Chancery Court seeks damages and injunctive relief based on a course of conduct by TAC's corporate management which is alleged to be in breach of its fiduciary duty. The first two counts which sound against all defendants essentially allege a course of conduct whereby TAC was managed for the benefit of the defendants rather than its shareholders. The third count, which names only petitioner and TAC, alleges that petitioner recklessly risked TAC's assets and details one transaction allegedly entered into with Jochem Erlemann, a citizen of the Federal Republic of Germany.

The foregoing procedural background has been set out in some detail as it is essential to an understanding of the Court's disposition of what is in reality a fairly simple motion. As noted petitioner removed this action pursuant to 28 U.S.C. § 1441(b) and (c) which provides in part:

> (b) Any civil action of which the district courts have original jurisdiction . . . shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only*

*if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*

> (c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues, therein, or, in its discretion may remand all matters not otherwise within its original jurisdiction.

(emphasis supplied). The two corporate defendants, Oppenheimer Industries, Inc. and TAC, are citizens of Delaware. Thus it would appear that 28 U.S.C. § 1441(b) bars removal. In an attempt to avoid that bar petitioner argues that count three of the complaint, which does not include Oppenheimer Industries, Inc., is a separate and independent claim within the meaning of 28 U.S.C. § 1441(c). Although plaintiffs challenge that characterization of count three, the Court need not resolve the issue because even if count three does state a separate and independent claim, it is not removable.

▆▆▆▆ As petitioner candidly admits, in order to achieve the result he seeks the Court must disregard the citizenship of the second corporate defendant—TAC. Although he recognizes that the corporation is a necessary party in a shareholder's derivative suit, *Meyer v. Fleming*, 327 U.S. 161, 170, 66 S.Ct. 382, 387, 90 L.Ed. 595 (1946), petitioner argues that it is only nominally a defendant and that its status can be disregarded for the purposes of removal. It is of course true that the joining of formal or unnecessary parties will not defeat removal jurisdiction. *Salem Trust Co. v. Manufacturers' Finance Co.*, 264 U.S. 182, 189, 44 S.Ct. 266, 267, 68 L.Ed. 628 (1924). In *Salem Trust* the amount in controversy had been paid into a trust company. Plaintiff argued that the fact that its citizenship was the same as the trust company's destroyed diversity and made removal improper. In rejecting that argument the Supreme Court noted that the Trust Company had no inter-

est in the outcome of the litigation and was not an indispensable party to the suit. *Id.* at 190, 44 S.Ct. at 267. Petitioner would have the Court read *Salem Trust* and its progeny broadly, *i.e.*, as standing for the proposition that 28 U.S.C. § 1441 need not be read literally and that the Court can under proper circumstances ignore the citizenship of certain parties. The Court need not undertake the task of defining the outer limits of *Salem Trust* because it is clear from the pleadings that this is not a case in which a party's citizenship may properly be disregarded.

Although not arguing for realignment, to support his argument that TAC is only a formal defendant, petitioner relies on numerous cases which state that the ultimate interest of the corporation made a defendant in a derivative suit is the same as the plaintiff. *See, e.g., Doctor v. Harrington,* 196 U.S. 579, 587, 25 S.Ct. 355, 357, 49 L.Ed. 606 (1905). Under the proper circumstances a federal court may realign such corporations to reflect their true interest in the litigation. *See, e.g., Glenmede Trust Company v. Dow Chemical Company,* 384 F.Supp. 423 (E.D.Pa.1974). If, however, the corporation is under the control of management which is antagonistic to the plaintiff shareholders, realignment is improper. *Smith v. Sperling,* 354 U.S. 91, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957); *Swanson v. Traer,* 354 U.S. 114, 77 S.Ct. 1116, 1 L.Ed.2d 1221 (1957); *Gratz v. Murchison,* 130 F.Supp. 709 (D.Del.1955). The complaint in this case alleges that, under the domination and control of petitioner, the present management of TAC has embarked on a wrongful course of conduct, enriching itself at the corporation's expense. It is difficult to conceive of a clearer allegation of management antagonism such as will defeat realignment. Thus petitioner's reliance on those cases which hold realignment of corporations in derivative suits proper is misplaced.

The antagonism of TAC's management is also relevant to the underlying issue of the corporation's status as a formal party. Even in the context of a diversity case, the issue of federal jurisdiction must, of course, be decided according to federal law, *Kramer v. Caribbean Mills, Inc.,* 394 U.S. 823, 89 S.Ct. 1487, 23 L.Ed.2d 9 (1969), but state law on the issue of corporate capacity is relevant because that law will govern the ultimate disposition of the merits of this action. *Erie v. Thompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). *See Glenmede Trust Company v. Dow Chemical Company,* 384 F.Supp. 423 (E.D.Pa.1974). In *Zapata Corp. v. Maldonado,* 430 A.2d 779 (Del.1981), the Delaware Supreme Court held that under certain circumstances a corporation may be entitled to move to dismiss a derivative suit filed on its behalf. Thus, unlike the trust company in *Salem Trust,* TAC is not a mere stakeholder unaffected by the outcome of the litigation. It has the power to terminate the lawsuit. That power is inconsistent with the status of a mere formal party. The Court concludes that removal was improper because TAC, a party in interest properly joined and served as a defendant, is a citizen of Delaware, the state in which the original action was brought.[1]

An order remanding this action to the Delaware Court of Chancery will be entered.

---

1. At oral argument the Court noted that the petition for removal is also defective in that it fails to allege the citizenship of one of the plaintiffs. In response to the Court's inquiry, petitioner stated that if given the opportunity to do so, he could and would amend the petition to allege the citizenship of plaintiff Suhail J. Shaya, at present only his residence is alleged. Given the Court's conclusion that removal is improper for the reasons given above, it need not address the propriety of allowing such an amendment.