Ann **KARTUB**, individually, and as a stockholder of Optical Fashions, Inc., suing on behalf of herself and for the benefit of said corporation and all other stockholders thereof similarly situated, Plaintiff,

v.

OPTICAL FASHIONS, Inc., Margaret C. Lipton, also known as Margaret C. Lipton von Seekamm, Egon von Seekamm, Gene Davis, Hedda von Seekamm, Von Seekamm's Optical Originals, Inc., "Jane" Cowardin and "John Doe", the names "Jane" and "John Doe" being fictitious, the true names being unknown to plaintiff, parties intended being the legal representatives of the Estate of Frank P. Cowardin, Deceased, and Florence Feiner, Defendants.

United States District Court
S. D. New York.
Feb. 11, 1958.

Samuel Weiss, New York City, for plaintiff.

Robert Moers, New York City, for defendants von Seekamm.

Borden & Ball, New York City, for Margaret Lipton von Seekamm.

EDELSTEIN, District Judge.

In a stockholder's derivative action, one of the defendants moves to dismiss on the ground of the absence of diversity of citizenship between the true parties plaintiff and the true parties defendant, and two defendants move to strike certain portions of the complaint. The plaintiff has moved to vacate notices of the taking of depositions.

The jurisdictional motion is predicated on the contention that the corporate defendant, of which the plaintiff is a stockholder, ought to be realigned as a plaintiff because there is no antagonism between the management and the stockholder. Upon such a realignment, there would be New York citizens on both sides of the case, defeating the jurisdiction of this court. The absence of antagonism between the plaintiff stockholder and the corporate management is urged for the simple reason that there is no management of the corporation. Prior to the commencement of suit one director died and the remaining two, who are also defendants in this action, resigned. Moreover, in proceedings in the Supreme Court of New York, a dissolution of the corporation is being sought on the ground of a deadlock among stockholders. The court there has referred the matter to a referee and has appointed a temporary receiver to sell the inventory and fixtures.

Normally, stockholders' derivative actions involve only issues of state law, as does the present case, and they can get into federal courts only by reason of the diversity of citizenship of the parties. The corporation is the real party in interest and the cause of action belongs to it, and on that basis it would ordinarily be treated as a plaintiff. But diversity jurisdiction may be provided by "a special dispensation" in this class of cases, Koster v. Lumbermen's Mutual Co., 330 U.S. 518, 523, 67 S.Ct. 828, 831, 91 L.Ed. 1067; if the corporation is in antagonistic hands, it is treated as a defendant. In order to qualify for this special dispensation giving rise to diversity, the case must present a situation of opposition to the stockholder by the management. Whether this opposition is for good reasons or bad is of no consequence. Swanson v. Traer, 354 U.S. 114, 77 S.Ct. 1116, 1 L.Ed.2d 1221. So long as the corporation refuses to bring suit and a derivative suit is brought by a stockholder on its behalf, the corporation is to be aligned as a defendant for the purposes of determining diversity. See dissent of Mr. Justice Frankfurter in Smith v. Sperling, 354 U.S. 91, 98, 77 S.Ct. 1112, 1 L.Ed.2d 1205. The antagonism necessary for diverse alignment involves "real collision between the stockholder and his corporation." Smith v. Sperling, supra, 354 U.S. at pages 97–98, 77 S.Ct. at page 1116.

In the case at bar the corporation appears as the owner of the cause of action, the real party in interest. While

it is disabled from acting in its own interest, for the purpose of the alignment of parties it cannot be considered to be adverse to the plaintiff. This situation does not present the circumstances of "collision", controversy or antagonism necessary for the "special dispensation" altering the ordinary attitude toward the real party in interest viewing it as a plaintiff.

Accordingly, the motion to dismiss will be granted.