**INTERNATIONAL INSURANCE COMPANY, Plaintiff,**

v.

**VIRGINIA INSURANCE GUARANTY ASS'N, et al., Defendants.**

**Civ. A. No. 86–0241–R.**

United States District Court,
E.D. Virginia,
Richmond Division.

Dec. 16, 1986.

John M. Oakey, Jr., McGuire, Woods & Battle, Richmond, Va., and Joseph L.S. St. Amant, M. Kelly Johnston, for International Ins. Co.

William O. Smith, May & Miller, Richmond, Va., for Tunstall.

Cary L. Branch, Allen, Allen, Allen & Allen, Richmond, Va., for Foster.

Gary J. Saphn, Mays & Valentine, Richmond, Va., for Virginia Ins. Guar. Assoc.

## MEMORANDUM

MERHIGE, District Judge.

This declaratory judgment action was brought by the plaintiff, International Insurance Company (International) against Virginia Insurance Guaranty Association ("Guaranty"), Tarrance Foster, and Martha L. Tunstall. Jurisdiction is based solely on diversity of citizenship, 28 U.S.C. § 1332.[1]

The facts are not in dispute. The action arose from damages Foster sustained in a collision between his motorcycle and a car driven by Tunstall. At the time of the collision, Tunstall was insured under a policy issued by Iowa National Mutual Insurance Company (Iowa National). Foster was insured by the plaintiff International. Foster subsequently brought suit against Tunstall in the Circuit Court of the City of Hopewell, Virginia, seeking compensatory damages. During the pendency of the lawsuit, Iowa National, who insured Tunstall, became insolvent and Foster, pursuant to the terms of the insurance contract, served the plaintiff's registered agent and made a claim under the uninsured motorist provision of that policy. On March 3, 1986, a judgment order was entered awarding Foster damages in the amount of $50,000. Foster then made demand upon the plaintiff International and the defendant Guaranty for satisfaction.

International brought this action seeking a declaration that Guaranty is responsible for satisfying the full $50,000 judgment. International and Guaranty each moved for summary judgment and the matter came before the Court in that posture. In reviewing the pleadings and filed memoranda, however, the Court began to question the jurisdictional basis of the suit. Specifically, the Court was of the view that the defendant Tunstall should be realigned as a party plaintiff. Such a realignment would defeat the diversity jurisdiction alleged in the complaint. Before dismissing the mat-

1. The burden of pleading and proving jurisdictional facts is on the plaintiff. *See Sligh v. Doe,* 596 F.2d 1169 (4th Cir.1979). Plaintiff International has alleged in its Complaint that, for purposes of determining jurisdiction, defendants Tunstall and Guaranty are both citizens of Virginia. While the Court has every reason to believe these assertions, it suspects that Guaranty is also a citizen of a number of other states as well.

The citizenship of an unincorporated association, as is Guaranty, *see* Va.Code § 38.2–1604, is considered to be that of each member. *See* Wright, Miller & Cooper, 13B *Federal Practice and Procedure* § 3630, at 681 (1984). The members of Guaranty are those persons who write any class of insurance (with certain exceptions) and who are licensed to transact the business of insurance in Virginia. *See* Va. Code §§ 38.2–1604, –1603, –1601. Given this broad definition of membership, Guaranty doubtless is considered to have many citizenships for ascertaining the existence of diversity. Inasmuch as International has failed to disclose the state(s) in which it has been incorporated, a prerequisite to determining its citizenship (from the Stipulation of Facts it appears that International's principal place of business is Illinois), *see* 28 U.S.C. § 1332(c), and also has failed to indicate the citizenship of Guaranty's members, it may be that International itself (as well as defendant Tunstall) shares citizenship with Guaranty. Because of the Court's disposition of the case, however, this possibility need not be addressed.

ter, however, the Court requested the views of the parties involved. Having received those views, the Court is ready to render its opinion.

*Diversity Jurisdiction*

Diversity jurisdiction is provided for in 28 U.S.C. § 1332. That statute states, *inter alia*, that district courts have original jurisdiction of civil actions where the matter in controversy exceeds the sum of $10,-000 and is between citizens of different states.

In determining whether diversity jurisdiction exists, however, the alignment of the parties as plaintiffs and defendants in the pleadings is not conclusive. Rather, it is incumbent upon the Court to look to the ultimate interests of each party and to realign the parties accordingly. *See, e.g., City of Dawson v. Columbia Avenue Saving Fund, Safe Deposit, Title & Trust Co.,* 197 U.S. 178, 25 S.Ct. 420, 49 L.Ed. 713 (1905). The Court must determine these ultimate interests by reference to the principal purpose of the lawsuit and the primary and controlling matter in dispute. *Indianapolis v. Chase National Bank,* 314 U.S. 63, 69, 62 S.Ct. 15, 16, 86 L.Ed. 47 (1941).

Applying these principles to the instant case, the Court concludes that Martha Tunstall should be realigned as a party plaintiff. Clearly the purpose of this action is to ascertain the liability of Guaranty. The only relief sought by International is a declaration that Guaranty "is responsible for paying $50,000.00 to Tarrance Foster to satisfy the judgment rendered in his favor

against Martha L. Tunstall...." Complaint of Plaintiff at 5. As International correctly points out, a declaration that Guaranty is not responsible for the $50,000 judgment might ultimately place the burden of paying that judgment on Tunstall.[2] Consequently, Tunstall has at least as great an interest in a declaration of Guaranty's liability as International.

International argues in its memorandum that because Tunstall might ultimately be liable to International for the judgment pursuant to its subrogation rights,[3] the interests of the two parties conflict sufficiently to preclude aligning them together. International, however, misconceives the primary focus of the inquiry. The fact that a diversity of interests exists among parties on issues not directly before the Court is not dispositive. *See Dolch v. United California Bank,* 702 F.2d 178, 181, (9th Cir.1983). Instead, a court must analyze the respective interests of each party with reference to the *present* lawsuit. *See Chase National Bank, supra,* 314 U.S. at 69, 62 S.Ct. at 16.

Here the rights of International with respect to Tunstall are not properly before the Court. The issue before the Court is whether Guaranty must satisfy Foster's $50,000.00 judgment. Both International and Tunstall share the same interest in such a declaration.[4] Consequently, Tunstall should be realigned as a party plaintiff.

---

**2.** Such a result might follow if Guaranty were held not liable for paying any amount of the $50,000 to any party. Pursuant to the uninsured motorist provision of the insurance policy issued by International to Foster, International may be liable to Foster for the $50,000 judgment based upon the insolvency of Tunstall's insurance company, Iowa National. *See* Va. Code § 38.2–2206; *Grossman v. Glens Falls Ins. Co.,* 211 Va. 195, 176 S.E.2d 318 (1970). In that event, International would be subrogated to the rights of Foster to the extent payment is made, and would thus have a claim against Tunstall for that amount. *See* Va. Code § 38.2–2206(G).

**3.** *See supra* note 2.

**4.** This identity of interests distinguishes the case at bar from those cited by both International and Guaranty in their memoranda. In those cases, the party to be realigned was indifferent as to which of the two opposing parties, typically insurance carriers, was ultimately liable for providing compensation. This indifference arose from the fact that both insurance carriers provided coverage to that party. Here, by contrast, only Guaranty provides Tunstall "coverage" in any meaningful sense. Any payment made by International to Foster will not extinguish Tunstall's liability, *see, supra* note 2; only payment by Guaranty will do so. *See* Va. Code §§ 38.2–1606, –1609. Consequently, the conclusion that Tunstall and International share a like interest is inescapable.

Upon realigning the parties, the Court finds that citizens of Virginia appear both as a plaintiff (Tunstall) and a defendant (Guaranty). Thus the requirement of diversity contained in 28 U.S.C. § 1332 is not met. There being no other basis upon which jurisdiction may be predicated, this action will be dismissed.

An appropriate order shall issue.