## IOWA INSURANCE GUARANTY ASSOCIATION, Plaintiff,

v.

## NEW ENGLAND INSURANCE COMPANY, Defendant.

### Civ. No. 87–603–B.

United States District Court, S.D. Iowa, C.D.

Dec. 15, 1988.

Robin L. Hermann, Kent M. Forney, Des Moines, Iowa, for plaintiff.

Glenn L. Smith, Des Moines, Iowa, Steven Adams, Siff, Rosen & Parker, New York City, for defendant.

## MEMORANDUM OPINION AND ORDER TO AMEND JURISDICTIONAL ALLEGATIONS

VIETOR, Chief Judge.

The issue here is whether plaintiff Iowa Insurance Guaranty Association [hereinafter "Association"] is a citizen only of Iowa or of all states of which its members are citizens. The sole ground Association asserts for subject matter jurisdiction is diversity of citizenship, pursuant to 28 U.S. C. § 1332(a)(1). Association alleges that it is a citizen of Iowa because it is "an Iowa non profit unincorporated legal entity created, existing and authorized to bring suit pursuant to Chapter 515B of the Code of Iowa (1987) with its principal place of business located in Des Moines, Polk County, Iowa." Association alleges that defendant is a citizen of Massachusetts because it is "a Massachusetts Corporation with its principal place of business located in Boston, Massachusetts."

The federal court, as a court of limited jurisdiction, has a threshold duty to assure itself that it has subject matter jurisdiction in each case. *See Sanders v. Clemco Industries*, 823 F.2d 214, 216 (8th Cir.1987); *National Farmers Union Property & Casualty Co. v. Fisher*, 284 F.2d 421, 423 (8th Cir.1960) ("We shall appreciate it if the trial judges will carefully scrutinize, and have corrected if necessary, those allegations of the pleadings which are essential to establish federal diversity jurisdiction in cases such as this.") Pursuant to that duty, I ordered Association to plead the citizenships of its members or to file a brief explaining why the rule that an unincorporated association is a citizen of each state of which one of its members is a citizen, *see United Steelworkers of America v. R.H. Bouligny, Inc.*, 382 U.S. 145, 149, 86 S.Ct. 272, 274, 15 L.Ed.2d 217 (1965), does not apply to it. Association filed a brief arguing that it is an agency of the State of Iowa and therefore a citizen only of Iowa. Association has not alleged who its members are or the states of which they are citizens.

Association is created by Iowa Code § 515B.3 as "a nonprofit unincorporated legal entity." All insurers, as defined by § 515B.2(4), "shall be and remain members of the association as a condition of their authority to transact insurance in [Iowa]." § 515B.3. Association's board of directors is selected by member insurers subject to approval of the state's commissioner of insurance. § 515B.4. Member insurers vote on business matters at annual and special meeting of its members. § 515B.3. The basic purpose of Association is to assume the obligations of insolvent member insurers and meet those obligations by assessing its members. § 515B.5.

I do not agree with Association that it is a state agency for purposes of determining citizenship. Association relies on *Abell Publishing Company v. Mezzanote*, 464 A.2d 1068 (Md.App.1983), which holds that the Maryland Insurance Guaranty Association is a state agency or instrumentality for purposes of the Maryland Public Information Act, Md.Code art. 76A, § 1(b), on the ground that the Maryland legislature intended that Act to be construed liberally. Although that case is good authority on the Maryland law question it decides, it does not address the federal law question involved in this case.

Association does not cite, nor can I find, any case that suggests that any state insurance guaranty association, or any unincorporated association, is a state agency

for purposes of diversity jurisdiction.[1] Moreover, although the issue has apparently not arisen in the Eighth Circuit, several courts have followed the general rule, deciding that a state insurance guaranty association or similar insurance association created by state statute is a citizen of each of the states of which one of its members is a citizen. *See Jaser v. New York Property Ins. Underwriting Ass'n,* 815 F.2d 240, 242 (2nd Cir.1987); *Independent Pier Co. v. Lloyd's London,* No. 88–3467, slip op. at 5 n. 5 (E.D.Pa. Sept. 1, 1988) [1988 WL 92171]; *International Ins. Co. v. Virginia Ins. Guaranty Ass'n,* 649 F.Supp. 58, 59 n. 1 (E.D.Va.1986); *Trombino v. Transit Casualty Co.,* 110 F.R.D. 139, 144 (D.R.I.1986). I agree with those courts' decisions. Association is a citizen of each state of which one of its members is a citizen, and therefore it must allege facts sufficient to determine whether any of its members is a citizen of Massachussetts, the state of which it alleges defendant is a citizen.

IT IS ORDERED that on or before December 29, 1988, Association shall amend its complaint to allege whether any of its members who is an individual is a citizen of Massachusetts; whether any of its members that is a corporation is incorporated under the laws of, or has its principal place of business in, Massachusetts; and whether any of its members that is a partnership or unincorporated association has a general or limited partner[2] or member that is a citizen of Massachusetts.

---

1. Association is, of course, correct that many of the United States Circuit Courts of Appeals have held that a state agency that is not an arm or alter ego of its state may be a citizen of that state, but those agencies are state or municipal corporations, not associations.

2. In the Eighth Circuit, a partnership is a citizen of each state of which a general *or limited partner* is a citizen. *The Stouffer Corp. v. Breckenridge,* 859 F.2d 75, 76 (8th Cir.1988).