Sarah P. GIBSON, Plaintiff,

v.

BoPAR DOCK CO. CORP., Cecil
Bolling, Roger C. Viers, Paul
R. Ison, Defendants.

Civ. A. No. 91–0069–B.

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

Nov. 14, 1991.

William C. Bovender, James N.L. Humphreys, Kingsport, Tenn., for plaintiff.

James P. Jones, Bristol, Va., for defendants.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, Senior District Judge.

The plaintiff, Sarah P. Gibson ("Gibson"), brings this derivative action suit

naming Cecil W. Bolling, Roger C. Viers, Paul R. Ison, and Ambrose Branch Coal Company as defendants (collectively, "Defendants"). BoPar Dock Company Corporation ("BoPar") is also named in the suit as a defendant. Defendants Bolling, Viers, and Ison served as officers and directors of BoPar. Defendant Ambrose Branch is a business similar to BoPar, of which Bolling, Viers, and Ison also act as officers and directors.

Plaintiff is a citizen and resident of the State of Tennessee. Defendants Bolling, Viers, and Ison are citizens and residents of the Commonwealth of Virginia. BoPar and Ambrose Branch are incorporated in the Commonwealth of Virginia, each with their principal place of business in Virginia. Plaintiff asserts jurisdiction based on diversity of citizenship.

The plaintiff alleges that the defendants Bolling, Viers, and Ison (1) breached their fiduciary duty to the shareholders of BoPar, (2) with Ambrose Branch, improperly appropriated corporate opportunities which rightfully belonged to BoPar, (3) injured BoPar's business in violation of § 18.2–499 of the Virginia Code, and (4) tortiously interfered with BoPar's contractual relationship. The case is presently before the court on Defendants' motion to dismiss for lack of subject-matter jurisdiction. A motion to dismiss for failure to state a claim on which relief can be granted is also pending, but the court must first review the jurisdictional issue.

## FACTS

Cecil Bolling and Napoleon Parsons formed BoPar in 1970. The company has been engaged in the business of marketing, blending, and loading coal for sale to a variety of customers. Parsons is deceased and Bolling recently resigned. Currently, fifty-percent of the stock is owned by the daughters and widow of Napoleon Parsons ("the Parsons shareholders") and fifty-percent is owned by the daughters of Cecil Bolling ("the Bolling shareholders"). The plaintiff is Napoleon Parsons' daughter and a Parsons shareholder. At the time of the alleged injury, Bolling was the President and a member of the Board of Directors of BoPar, Viers was the Secretary and a member of the Board, and Ison was the Vice President. Prior to the time of the law suit, neither the plaintiff nor the other Parsons shareholders had ever been involved in the day-to-day operation of BoPar.

In March, 1990, the Parsons shareholders entered into negotiations with the Ambrose Branch officers and directors concerning Ambrose Branch's purchase of the Parsons shareholders' interest in BoPar. Bolling is President and a member of the Board of Directors of Ambrose Branch, Ison is a Vice President, and Viers is a Vice President, the Secretary, and a member of the Board of Directors. Ambrose Branch made an offer of $150,000, which was apparently accepted in principle by the Parsons shareholders. Subsequent to the offer, but prior to the time the sale was finalized, BoPar's operations were discontinued. Plaintiff alleges that BoPar's officers and directors unilaterally closed BoPar. Bolling asserts by affidavit that a shareholders meeting was called at which it was agreed that BoPar would be shut down. After BoPar ceased operations, Ambrose Branch informed the Parsons shareholders that it would not purchase their interest. Thereafter, Bolling and Viers resigned as officers and directors of BoPar. Ison remains as the sole officer.

The Bolling shareholders subsequently attempted to transfer their voting rights in BoPar, by limited powers of attorney, to the plaintiff but the plaintiff refused to accept them. Presently, BoPar has no officers or directors with control over corporate affairs. Ison did, however, file a tax return on BoPar's behalf for 1990.

## DISCUSSION

The first question is whether the court has jurisdiction over the action on the basis of diversity of citizenship. This issue focuses on the proper alignment of the parties. The Defendants argue that BoPar is the real party in interest and should be properly aligned with the plaintiff, thereby destroying diversity jurisdiction. Plaintiff

contends that BoPar is antagonistic to the shareholders and, therefore, is properly aligned as a defendant. BoPar has submitted an appearance motion declaring that it has no officers or directors to speak on its behalf and therefore cannot respond to the allegations contained in the complaint. On the issue of party alignment, however, BoPar asserts that it is a proper party plaintiff.

## A. ALIGNMENT OF PARTIES

■ It is well-settled that a corporation is an indispensable party in a shareholder derivative action suit. *Tower Hill Connellsville Coke Co. v. Piedmont Coal Co.*, 33 F.2d 703, 706 (4th Cir.1929), *cert. denied*, 280 U.S. 607, 50 S.Ct. 157, 74 L.Ed. 650 (1930); *see generally* 7 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure 2d § 1615 (1986). For purposes of establishing diversity jurisdiction, the court, rather than plaintiff's original pleading, determines whether the alignment of the parties conforms with their true interest in the litigation. *Indianapolis v. Chase National Bank*, 314 U.S. 63, 69, 62 S.Ct. 15, 16, 86 L.Ed. 47 (1941); *International Insurance Co. v. Virginia Insurance Guaranty Ass'n*, 649 F.Supp. 58, 60 (E.D.Va.1986). In *Reilly Mortgage Group, Inc. v. Mount Vernon Savings and Loan Ass'n*, 568 F.Supp. 1067 (E.D.Va.1983), the court commented that:

> As a practical matter, the corporation is initially named as a defendant. In this way, the stockholder assures the presence of an indispensable party. However, once joined and properly before the court, the corporation is then realigned, if necessary, according to its real interest.

*Id.* at 1073 (citations omitted).

■ The general rule of proper alignment is that the parties having the same "ultimate interest" are aligned on the same side. 13B C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3607 at 433 (1984). By its nature, a derivative action suit is brought by a shareholder on behalf of the corporation. The cause of action belongs to the corporation itself and

the stockholder is "at best a nominal plaintiff." *Reilly Mortgage*, 568 F.Supp. at 1073 (quoting *Koster v. Lumbermens Mutual Casualty Co.*, 330 U.S. 518, 523, 67 S.Ct. 828, 831, 91 L.Ed. 1067 (1947)). Application of the ultimate interest test, therefore, would result in alignment of the corporation on the plaintiff's side as a matter of course. Routine alignment of the corporation as a plaintiff against its officers and directors would typically destroy diversity jurisdiction, effectively barring the actions from federal court.

In order to provide a federal forum when appropriate, derivative action suits are excepted from the general standard by a "special dispensation." *Koster v. Lumbermens Mutual Casualty Co.*, 330 U.S. 518, 523, 67 S.Ct. 828, 831, 91 L.Ed. 1067 (1947) (citing *Doctor v. Harrington*, 196 U.S. 579, 25 S.Ct. 355, 49 L.Ed. 606 (1905)). Thus, the applicable standard is whether "antagonistic" parties are aligned on opposite sides. The Supreme Court addressed this issue in *Smith v. Sperling*, 354 U.S. 91, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957). The Court commented that antagonism exists "whenever management is aligned against the stockholder and defends a course of conduct which [the stockholder] attacks." *Id.* at 95, 77 S.Ct. at 1114. Such a determination, the Court declared, is "a practical not a mechanical determination" and is properly decided "by the pleadings and the nature of the dispute." *Id.* at 97, 77 S.Ct. at 1115.

## B. ANTAGONISTIC PARTIES

■ Since *Smith v. Sperling*, courts have characterized antagonism in a variety of ways. District courts in the Fourth Circuit have considered a number of factors in determining whether antagonism exists between the shareholders and the corporation. *See Reilly Mortgage*, 568 F.Supp. at 1074 (corporation's response to the complaint, the Board's refusal to obey governmental warnings, and resistance to stockholders' efforts to comply); *Taylor v. Swirnow*, 80 F.R.D. 79, 83 (D.Md.1978) (whether plaintiff-shareholder controls a majority of corporate stock); *Raese v. Kel-*

*ly,* 59 F.R.D. 612, 614 (N.D.W.V.1973) (whether the defendants and the corporation share the same attorney). Other courts have examined: whether the corporation will proceed with the suit absent the shareholder-plaintiff, *Rogers v. Valentine,* 306 F.Supp. 34, 39 (S.D.N.Y.1969), *aff'd,* 426 F.2d 1361 (2d Cir.1970); whether the defendants have complete control over the corporation, *Bennett v. Worden,* 225 F.Supp. 42, 44 (E.D.Ark.1964); and, whether the defendants were associated with the corporation at the time the suit was brought, *Tessari v. Herald,* 207 F.Supp. 432, 436 (N.D.Ind.1962). After careful review, the uniqueness of this situation leads the court to conclude these cases do not confront the questions at issue here.

Unlike the majority of derivative action suits, this case was not brought by minority stockholders who otherwise have no power or authority to control the corporation except through a suit against the officers and directors. Rather, the plaintiff and the other Parsons shareholders have the power to take control of the corporation at any time. The Bolling shareholders have drafted a limited power of attorney granting voting rights to the plaintiff for the expressed purpose of permitting her to manage the activities of the corporation and run it as she sees fit. By virtue of the Bolling shareholders' relinquishment of their voting rights, the plaintiff and the other Parsons shareholders could elect their own board of directors, determine their own officers, choose their own counsel to represent them, and bring a suit against the Defendants.

■ Plaintiff maintains that she does not feel free to exercise the power of attorney because she fears that Bolling, Viers, and Ison are attempting to insulate themselves from their own wrongdoing or that they will make allegations against her. There is simply no basis to conclude that the plaintiff's acceptance of the limited power of attorney would shield the Defendants. The principle of limited liability protects the officers of a corporation from wrongs of the corporation but does not protect them from liability of their own wrongful acts.

*Spartech Corp. v. Opper,* 890 F.2d 949, 953 (7th Cir.1989).

■ The plaintiff also asserts that Bolling, Viers, and Ison continue to exercise authority over the corporation because they possess the business files and records, effectively prohibiting her from taking control. She further argues that Bolling, Viers, and Ison continue to exercise control over the corporation because Ison filed a tax return for 1990. Although Ison remains as an officer, his role and activities since the suit have been limited. The plaintiff would have the court believe that the simple filing of a single tax return is sufficient to make a finding of corporate control. The plaintiff, however, has made clear that she has no interest in taking control of the corporation. Ison is managing by default to mitigate damages to the corporation. To do otherwise would be a breach of fiduciary duty and actionable in itself.

To date, nothing prevents the plaintiff and the other Parsons shareholders from taking over the corporation and bringing a suit, on behalf of the corporation, against the former officers and directors for breach of fiduciary duty, loss of corporate opportunities, interference with BoPar's business, or any other claim they deem appropriate. If the Defendants have accomplished what the plaintiff has alleged, then the injury has been to the entire corporation, not just the Parsons shareholders. For these reasons, the court finds that the corporation is properly aligned as a party plaintiff.

## C. DEADLOCKED CORPORATION

■ Moreover, the court believes that if the Parsons shareholders have the power to elect a board of directors and select officers of their own choosing but refuse to exercise it, at the very least, the corporation is deadlocked and remains properly aligned as a party plaintiff. In *Kartub v. Optical Fashions, Inc.,* 158 F.Supp. 757 (S.D.N.Y.1958), the court held that a corporation which is deadlocked is not antagonistic to the shareholders. There, a stockholder brought a derivative action suit

naming the corporation, among others, as a defendant. One of the defendants moved to dismiss for lack of diversity jurisdiction. Prior to commencement of the suit, one member of the board of directors had died and the other two remaining directors had resigned. A dissolution of the corporation was being sought because of deadlock among the shareholders. In *Kartub*, the court held that "while [the corporation] is disabled from acting in its own interest, for the purpose of the alignment of parties it cannot be considered to be adverse to the plaintiff." *Id.* at 759; *see also Duffey v. Wheeler*, 820 F.2d 1161, 1163 (11th Cir. 1987) (affirming that when "the corporation's management or its shareholders are deadlocked with respect to a particular issue, courts have realigned such corporations as party plaintiffs").

In the present case, the officers and directors of BoPar resigned prior to commencement of the suit. Therefore, the corporation has no officers or directors capable of making corporate decisions rendering it incapable of acting on its own behalf. Moreover, the shareholders are split 50–50. Half of the shares are owned by the plaintiff and her family and half by the Defendants and their families. The Bolling shareholders have offered to allow the plaintiff and the other Parsons shareholders to elect a board of directors and select officers of their own choosing. By refusing to exercise that limited power of attorney, the plaintiff has effectively deadlocked the shareholders. Because the corporation is unable to act on its own behalf and the shareholders are deadlocked, the corporation cannot be considered antagonistic to the plaintiff for purposes of realignment of the parties. Therefore, the court finds that, under this alternative analysis, the corporation should be aligned as a party plaintiff.

## CONCLUSION

The plaintiff has it in her power to take control of the Board of Directors and bring a suit on behalf of the corporation; therefore, the court finds that the corporation is not antagonistic to the shareholders and BoPar is properly aligned as a party plaintiff. Moreover, the plaintiff and the other Parsons shareholders have the power to elect a board of directors and select officers of their own choosing but refuse to exercise it. At the very least, therefore, the corporation is deadlocked and also properly aligned as a plaintiff.

Because BoPar is a corporation incorporated in the Commonwealth of Virginia and the Defendants are residents of the Commonwealth of Virginia, diversity jurisdiction is destroyed and the motion to dismiss for lack of jurisdiction is GRANTED. Further, since the court has no jurisdiction over the case, no determination is made regarding the motion to dismiss for failure to state a claim. SO ORDERED.